UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Fenton Sub Parcel D, LLC | Case No. BKY 11-44430 |
| Debtor. | Chapter 11 Case |

| | |
|---|---|
| Bowles Sub Parcel D, LLC | Case No. BKY 11-44434 |
| Debtors. | Chapter 11 Case |

**NOTICE OF HEARING AND MOTION FOR ORDER
AUTHORIZING JOINT ADMINISTRATION OF CASES**

To: The parties-in-interest as specified in Local Rule 9013-3(a)(2).

1. The above-named debtors ("Debtors") move the court for the relief requested below and give notice of hearing.

2. The Court will hold a hearing on this motion at 9:00 a.m. on July 20, 2011 in Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

3. Pursuant to Local Rule 9006-1(c), any response to this motion must be served and filed five (5) days before the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding. The petitions commencing these cases were filed on June 29, 2011 (the "Filing Date"). The cases are now pending before this Court.

- 1 -

5.  This motion arises under Bankruptcy Rule 1015 and is filed under Bankruptcy Rule 9014 and Local Rules 4001-2 and 9013. Debtors request the entry of an order providing for the joint administration of these Chapter 11 cases and their consolidation for procedural purposes only, under the first filed case of Fenton Sub Parcel D LLC, case No. 11-44430, pursuant to Bankruptcy Rule 1015(b).

## BACKGROUND

6.  On the Filing Date, both of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

7.  Additional general background on the Debtors, their business, and their debt structure is set forth in the Debtors' Notice of Hearing and Motion for Order Authorizing Use of Cash Collateral on a Final Basis (the "Cash Collateral Motion"). Capitalized terms not otherwise defined herein have the meaning given to them in the Cash Collateral Motion.

## BACKGROUND RELEVANT TO THIS MOTION

8.  On the Filing Date, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

9.  Each Debtor is preparing a separate set of schedules for filing in the separate cases. The order granting this motion will not constitute substantive consolidation of these cases.

10.  Both Debtors are ultimately controlled by StoneArch II/WCSE Minneapolis Industrial LLC ("StoneArch"). StoneArch is the 100% member of Bowles Subsidiary, LLC and of Fenton Subsidiary, LLC. Bowles Subsidiary, LLC is then the 100% member of Bowles Sub

Parcel D, LLC, and Fenton Subsidiary, LLC is the 100% member of Fenton Sub Parcel D, LLC. Thus, debtor Fenton Sub Parcel D, LLC is more than 20% controlled by StoneArch, which also controls more than 20% of debtor Bowles Sub Parcel D, LLC. This ownership structure is set forth on the chart attached as Exhibit A.

11. Although they are two separate legal entities, the Debtors have common management and have been run and treated as one enterprise. The Debtors are co-borrowers under one senior secured credit facility as well as additional loans from Steven B. Hoyt, and own, as tenants in common, six parcels of real estate (the "Buildings"). The checking account used to collect the rents of the Buildings' tenants and to pay expenses is titled in the name of Hoyt Properties, Inc. for the benefit of both Debtors. Thus, Debtors have a unified cash management system which is administered on behalf of both Debtors, and have only one set of books. Because the Debtors have been treated as one entity, the Debtors have all of the same creditors and parties in interest.

**RELIEF REQUESTED**

12. Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court may order joint administration of the cases. The term "affiliate" is defined in Section 101(2) of the Bankruptcy Code, in relevant part, as follows:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of the debtor, other than an entity that hold such securities…
>
> (B) [a] corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of the debtor…

11 U.S.C. § 101(2).

13.     Pursuant to the membership structure of the Debtors, and their common control by StoneArch, each of the Debtors is an affiliate of the other. In addition, the Debtors are operated as one enterprise, with shared secured debt obligations, tenants, vendors, books, and bank accounts, among other things. Because the Debtors have been treated as one entity, the Debtors have all of the same creditors and parties in interest.

14.     In these cases, joint administration is appropriate and will facilitate the practical administration of the cases and reorganization of each Debtor. Many of the legal issues likely to arise here will be common to both Debtors, and the Debtors expect to propose a joint plan of reorganization or execute a comprehensive sale strategy for exiting the chapter 11 cases.

15.     In addition, throughout the Chapter 11 cases, the Debtors anticipate that they will file a number of motions, applications, and other pleadings, all of which will apply to both of the Debtors' Chapter 11 cases. The joint administration of the cases, including combining notices to the Debtors' joint creditors and hearing of these matters related to both of the Debtors at the same time will promote economical and efficient administration of the estates by avoiding the time and expense associated with Debtors' counsel and all other parties filing duplicate pleadings and preparing duplicate orders.

16.     The rights of the Debtors' creditors will not be adversely affected by the joint administration, since this motion requests only administrative consolidation and not substantive consolidation of the Debtors. Furthermore, although each creditor may still file a claim against a particular Debtor's estate, all of the creditors and amounts owed by one Debtor are the same as the creditors and the amounts owed by the other Debtor. All creditors will benefit by the reduced costs resulting from joint administration. This Court, too, will be relieved of the burden of

entering duplicative orders and maintaining duplicative files. Supervision of the administrative aspects of the cases by the United States Trustee will also be simplified.

17. By reason of the foregoing, the interests of the Debtor and their creditors will be best served by joint administration of the cases. Debtors request that the caption of the cases be modified to reflect joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **Fenton Sub Parcel D, LLC,** | **Case No. BKY 11-44430** |
| **Bowles Sub Parcel D, LLC,** | **Case No. BKY 11-44434** |
| **Debtors.** | **Jointly Administered in Case No. 11-44430** |

18. Pursuant to Local Rule 9013-2, this motion is verified and is accompanied by a Memorandum of Law, proposed Order and proof of service.

19. Pursuant to Local Rule 9013-2, Debtors give notice that they may, if necessary, call Steven B. Hoyt, a manager of both Debtors, to testify at the hearing on the motion. The business address of the proposed witness is 275 Market Street, Suite 439, Minneapolis, MN 55405.

WHEREFORE, the Debtors respectfully request that this Court enter an order, in the form attached, authorizing the joint administration of the Debtors' bankruptcy cases.

Dated: June 30, 2011         /e/ Cynthia A. Moyer
James L. Baillie (#3980)
Cynthia A. Moyer (#211229)
Sarah M. Gibbs (#390238)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis MN 55402
(612) 492-7000
(612) 492-7077  fax
jbaillie@fredlaw.com
cmoyer@fredlaw.com
sgibbs@fredlaw.com

PROPOSED ATTORNEYS FOR DEBTORS

4944749

## VERIFICATION

I, Steven B. Hoyt, am the Chief Manager of both of the Debtors. I declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct to the best of my knowledge, information and belief.

Dated: June 24, 2011    Signed: /s/ Steven B. Hoyt
                         Steven B. Hoyt

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Fenton Sub Parcel D, LLC                                     Case No. BKY 11-44430
                Debtor.                                                                    Chapter 11 Case

Bowles Sub Parcel D, LLC                                   Case No. BKY 11-44434
                Debtors.                                                                   Chapter 11 Case

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER
AUTHORIZING JOINT ADMINISTRATION OF CASES**

The Debtors in these two cases request an order authorizing joint administration of the cases. The facts supporting this request for relief are set out in the Debtors' verified Motion for Order Authorizing Joint Administration of Cases (the "Motion"). Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

## LEGAL ANALYSIS

**JOINT ADMINISTRATION OF THE DEBTORS' CASES IS APPROPRIATE.**

Joint administration of related cases is governed by Bankruptcy Rule 1015(b). That Rule provides:

> If a joint petition or two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

The term "affiliate" is defined in Section 101(2) of the Bankruptcy Code, in relevant part, as follows:

(A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of the debtor, other than an entity that hold such securities…

(B) [a] corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of the debtor…

11 U.S.C. § 101(2).

Joint administration is merely procedural. Each of the Debtors' estates remains a separate legal entity and each creditor's individual rights as to each estate are preserved. In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); In re Arnold, 33 B.R. 765,767 (Bankr. E.D. N.Y. 1983).

In these cases, joint administration is appropriate and should be ordered because the Debtors are affiliates, as defined in section 101(2), of each other. In addition, although they are two separate legal entities, the Debtors have common management and have been run and treated as one enterprise. The Debtors are co-borrowers under one senior secured credit facility, and own, as tenants in common, six parcels of real estate (the "Buildings"). The checking account used to collect the rents of the Buildings' tenants and to pay expenses is titled in the name of Hoyt Properties, Inc. for the benefit of both Debtors. Thus, Debtors have a unified cash management system which is administered on behalf of both Debtors. Because the Debtors have been treated as one entity, the Debtors have all of the same creditors and parties in interest.

Creditors will not be prejudiced by joint administration of these cases. Proceeds of the assets of each of the Debtors will be segregated for the purpose of paying creditors of each estate, and because the Debtors jointly owe each creditor. Substantial administrative cost will be saved in joint administration of the cases.

## CONCLUSION

For the foregoing reasons, Debtors respectfully request that the Court enter an order authorizing joint administration of these Chapter 11 cases.

Dated: June 30, 2011

/e/ Cynthia A. Moyer
James L. Baillie (#3980)
Cynthia A. Moyer (#211229)
Sarah M. Gibbs (#390238)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis MN 55402
(612) 492-7000
(612) 492-7077 fax
jbaillie@fredlaw.com
cmoyer@fredlaw.com
sgibbs@fredlaw.com

PROPOSED ATTORNEYS FOR DEBTORS

4948477

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Fenton Sub Parcel D, LLC                  Case No. BKY 11-44430
           Debtor.                                        Chapter 11 Case

Bowles Sub Parcel D, LLC                 Case No. BKY 11-44434
           Debtors.                                     Chapter 11 Case

## CERTIFICATE OF SERVICE

Cynthia A. Moyer, under penalty of perjury, states that on June 30, 2011, she caused to be served the following:

1. **Notice of Hearing and Motion for Order Authorizing Maintenance of Existing Bank Accounts and Check Stock;**

2. Memorandum of Law in Support of Motion for Order Authorizing Maintenance of Existing Bank Accounts and Check Stock;

3. Proposed Order;

4. **Notice of Hearing and Motion for Order Authorizing Use of Cash Collateral on a Final Basis;**

5. Memorandum of Law in Support of Motion for Order Authorizing Use of Cash Collateral on a Final Basis;

6. Proposed Order;

7. **Notice of Hearing and Motion for Order Authorizing Joint Administration of Cases;**

8. Memorandum of Law in Support of Motion for Order Authorizing Joint Administration of Cases;

9. Proposed Order;

10. **Declaration of Relatedness of Chapter 11 Cases;** and

11. Certificate of Service.

by sending true and correct copies to the parties on the attached service list.

Dated: June 30, 2011         /e/ Cynthia A. Moyer
                             Cynthia A. Moyer


4952473_1

Fenton Sub Parcel D, LLC and Bowles Sub Parcel D, LLC
Service List
Bky Case Nos. 11-44430; 11-44434
Served via Federal Express Overnight Delivery, except those parties whose contact information includes an e-mail address were served via CM/ECF or e-mail

| **U.S. TRUSTEE AND OTHER REQUIRED PARTIES** |
|---|
| *Trustee*<br>U.S. Trustee's Office<br>1015 US Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>ustpregion12.mn.ecf@usdoj.gov |
| IRS District Counsel<br>380 Jackson St, Ste 650<br>St Paul, MN 55101-4804 |
| Internal Revenue Service<br>Central Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346<br><br>**ADDRESS FOR FEDERAL EXPRESS**<br>Internal Revenue Service<br>Central Insolvency Operation<br>2970 Market Street<br>Mail Stop 5-Q30.133<br>Philadelphia, PA 19104-5016 |
| MN Department of Revenue<br>Collection Enforcement<br>551 Bankruptcy Section<br>600 North Robert Street<br>St Paul, MN 55101-2228 |
| Office of the U.S. Attorney<br>600 US Courthouse<br>300 S Fourth St<br>Minneapolis, MN 55415 |
| Minnesota Department of Economic Security<br>332 Minnesota Street<br>St. Paul, MN 55101-1351 |

| **DEBTORS** |
|---|
| Fenton Sub Parcel D, LLC<br>275 Market St., Suite 439<br>Minneapolis, MN 55405<br>SteveH@hoytproperties.com<br>SusanH@hoytproperties.com |
| Bowles Sub Parcel D, LLC<br>275 Market St., Suite 439<br>Minneapolis, MN 55405<br>SteveH@hoytproperties.com<br>SusanH@hoytproperties.com |
| **SECURED CREDITORS, REQUESTS FOR NOTICE, AND OTHER INTERESTED PARTIES** |
| *CWCapital Asset Management LLC* (as special servicer for Wells Fargo Bank, N.A., trustee)<br>7501 Wisconsin Ave., Suite 500<br>Bethesda, MD 20814 |
| Steven B. Hoyt<br>275 Market St., Suite 439<br>Minneapolis, MN 55405<br>SteveH@hoytproperties.com |
| Tim Mulcahy<br>c/o Timothy M. Kelley, Esq.<br>Scott Harris, Esq.<br>Leonard Street & Deinard<br>150 S. Fifth St., Suite 2300<br>Minneapolis, MN 55402<br>timothy.kelley@leonard.com<br>scott.harris@leonard.com |

| **10 LARGEST UNSECURED CREDITORS** |
|---|
| *Messerli & Kramer P.A.*<br>Jay Simons<br>100 S Fifth St., Suite 1400<br>Minneapolis, MN 55402<br>jsimons@messerlikramer.com |
| *Anthony Ostlund Baer & Louwagi*<br>Vincent D. Louwagi<br>90 S. Seventh St., Suite 3600<br>Minneapolis, MN 55402<br>Vlouwagi@aoblaw.com |
| Curbside Lawn Care<br>c/o Dave Leffler<br>9084 Windsor Court<br>Savage, MN 55378<br>DaveL@curbsidelawn.com |
| Cameron Law Office<br>c/o John Cameron<br>33 S Sixth Street, Suite 4100<br>Minneapolis, MN 55402<br>John@Cameronlawoffice.com |
| United Operations, Inc.<br>c/o Paul Daily<br>1740 Annapolis Ln N<br>Minneapolis, MN 55441<br>PaulD@unitedoperations.com |
| Integra Telecom<br>PO Box 2966<br>Milwaukee, MN WI 53201 |
| Centerpoint Energy<br>PO Box 1144<br>Minneapolis, MN 55440 |
| City of Bloomington – Water<br>1800 W. Old Shakopee Rd<br>Minneapolis, MN 55431 |
| Xcel Energy<br>PO Box 9477<br>Minneapolis, MN 55472 |

4952473_1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                             Chapter 11 Cases

Fenton Sub Parcel D, LLC,                          Case No. BKY 11-44430
Bowles Sub Parcel D, LLC,                       Case No. BKY 11-44434

                         Debtors.                                Jointly Administered

## ORDER AUTHORIZING
## JOINT ADMINISTRATION OF CASES

This case came before the court on the debtors' motion for an order authorizing joint administration. Appearances are noted on the record. Based on the arguments of counsel and the documents of record herein, and the court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. The debtors' motion for joint administration is granted.

2. The debtors' respective cases shall be jointly administered in accordance with Bankruptcy Rule 1015(b).

3. Except as provided in paragraphs 4 and 5 below, all future documents in these cases shall bear a joint administration caption as follows and shall be filed only to the case of Fenton Sub Parcel D, LLC, Case No. BKY 11-44430:

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

**In re:**                                            **Chapter 11 Cases**

**Fenton Sub Parcel D, LLC,**                         **Case No. BKY 11-44430**
**Bowles Sub Parcel D, LLC,**                       **Case No. BKY 11-44434**

                        **Debtors.**              **Jointly Administered in Case No. 11-44430**

4. Each debtor shall file its schedules and statements and any amendments thereto in its respective case.

5. Creditors shall file separate claims in each case in which they hold a claim and the clerk's office shall maintain separate claims registers in each case to facilitate this process.

6. One mailing matrix shall be maintained for both cases in the electronic record for Fenton Sub Parcel D, LLC, Case No. BKY 11-44430.

7. To the extent that a committee of unsecured creditors is appointed in the future, one committee may be appointed for all of the cases.

8. Meetings of creditors may be scheduled and conducted jointly.

9. Nothing in this order shall be construed to effect a substantive consolidation of these cases, and these cases shall not be consolidated without further order of the court.

10. This order is effective immediately upon entry and the Clerk of Bankruptcy Court shall enter this order on the docket of each of the above chapter 11 cases.

Dated:

                                      Robert J. Kressel
                                      United States Bankruptcy Judge

4948476